## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SEA SHELL COLLECTIONS, LLC, ) | CHAPTER 11 |
| ) | CASE NO. 14- |
| DEBTOR-IN-POSSESSION. ) | |

### AFFIDAVIT OF MARY MOULTON, VICE-PRESIDENT OF THE SOLE MEMBER OF SEA SHELL COLLECTIONS, LLC, IN SUPPORT OF FIRST DAY MOTIONS AND APPLICATIONS

STATE OF FLORIDA
COUNTY OF _Escambia_

MARY MOULTON, being duly sworn, deposes and says:

1. I am the Vice-President of Moulton Properties, Inc., the Sole Member of Sea Shell Collections, LLC ("Sea Shell"), a Debtor and debtor-in-possession before the Court, and I am responsible for the management and oversight of the reorganization efforts of Sea Shell. In that capacity, I am generally familiar with the day-to-day operations, business, financial affairs and books and records of the Debtor.

2. The Debtor has filed its voluntary petition under Chapter 11 of the Bankruptcy Code. In order to enable the Debtor to minimize the adverse effects of commencement of these Chapter 11 cases on its business, the Debtor is requesting various types of relief in a number of "first day" motions and applications (collectively "First Day Motions"). The relief sought in the First Day Motions is intended to, among other things, maintain the ability of the Debtor to continue its business operations with minimal disruption, to maintain tenant confidence and to prevent unnecessary harm to the estate and its creditors as a result of these filings. Each of the First

Day Motions is crucial to the Debtor's reorganization and will assist the Debtor in satisfying these concerns as much as possible.

3. This affidavit is submitted in support of the First Day Motions. All of the facts set forth herein are based on my personal knowledge, upon information supplied to me by others employed by the Debtor, upon my review of documents, or upon my opinion based upon my experience and knowledge of the Debtor's operations, financial condition and its present liquidity crisis. If I were called upon to testify before the Court, I could and would testify competently to the facts set forth herein. I am further duly authorized to submit this affidavit.

### Facts in Support of First Day Motions

4. Contemporaneously with the filing of this Chapter 11 case, the Debtor has filed a number of First Day Motions pertaining to its operational and restructuring activities. I have reviewed each of the First Day Motions (including all exhibits) and believe that the relief sought in each is necessary (a) to enable the Debtor to operate in Chapter 11 with a minimum of disruption or loss of revenue and (b) constitutes a critical element in enabling them to successfully reorganize. Each of the First Day Motions and the necessity of the relief requested in each are discussed below:

### A. Motion for Expedited Hearings on Substantive First Motions

Due to the potential harm that could result in the event of delay, I believe that it is essential that the First Day Motions be addressed as soon as possible and on an expedited basis by the Court so that the relief requested in each First Day Motion can be promptly granted. Accordingly, the Debtor will be able to continue operating its businesses without undue disruption and without unnecessary prejudice to the estates or any interested party therein.

### B. Motion for Order (I) Authorizing Debtor to Use Cash Collateral Pursuant to 11 U.S.C. Section 363(c)(2), (II) Granting Adequate Protection and (III) Give Notice of a Final Hearing Pursuant to Bankruptcy Rule 4001(c)(2)

The Debtor has need to use certain Cash Collateral of its existing lender in order to continue to operate successfully. The Debtor has not received the consent of its existing lender to use Cash Collateral. The Debtor has agreed to provide adequate protection to its existing lender under §§ 363(e) and 364(d) of the Bankruptcy Code, the terms of which are described in the Motion. The Debtor believes that these measures adequately protect the existing lender and that the Debtor has therefore met burdens of proof under §§ 363(c) and (d) of the Bankruptcy Code. Accordingly, I believe that this necessary relief should be granted.

Due to the immediate need for working capital and use of Cash Collateral, the Debtor has requested preliminary hearings and entry of an interim order until such time as a final hearing on the Cash Collateral Motion can be held. Without such immediate relief, the Debtor's business cannot operate and the likelihood of success of this reorganization will be greatly diminished, if not eliminated. Therefore, I believe that immediate entry of an interim order granting the Motion and immediately setting the Motion for a final hearing is essential to the continued viability of the Debtor.

### C. Application to employ Helmsing, Leach, Herlong, Newman & Rouse, P.C. as attorneys for Debtor

The Debtor seeks to retain Jeffery J. Hartley of the firm Helmsing, Leach, Herlong, Newman & Rouse, P.C. as its bankruptcy counsel because of the firm's extensive experience and knowledge in the field of Debtor's rights and business reorganizations under Chapter 11 of the

Bankruptcy Code; and their expertise, experience and knowledge in practicing before this Court. In preparing for these cases, the firm has become familiar with the Debtor's business and affairs and many of the potential legal issues that may arise in the context of this Chapter 11 case. Accordingly, I believe that Helmsing, Leach, Herlong, Newman & Rouse, P.C., is both well qualified and uniquely able to represent the Debtor in this Chapter 11 case in a most efficient and timely manner.

### D. Motion to Permit Payment of Pre- and Post-Petition Accounts for Electrical Services/Utilities

In connection with the operation of its business, the Debtor obtains electricity, water and/or similar services through accounts with various utility companies (the "Utility Companies").

Uninterrupted services are essential to ongoing operations and consequently to the success of the Debtor's reorganization. The Debtor's operations, as described above, simply cannot function without utility services. Should the Utility Companies refuse or discontinue services for even a brief period, operations would be severely disrupted. The impact on business operations, revenue and reorganization efforts would be extremely harmful and would jeopardize the Debtor's reorganization efforts. Accordingly, I believe it is critical that utility services continue uninterrupted.

The Debtor believes that a procedure put into place to adequately assure the Utility Companies of payment for its post-petition services is essential for the continued operation of the Debtor's business. But for the filing of the petition, the Debtor would only owe essentially a month of services to the various companies listed in the Motion. The Debtor has substantially always paid the Utility Companies on a current, timely basis. Therefore, I believe the

immediate entry of an order by the Court deeming all the Utility Companies adequately protected under § 366 of the Bankruptcy Code by adequate assurance of payment by other available means is essential to the Debtor's reorganization efforts.

FURTHER THE AFFIANT SAYETH NOT.

MARY MOULTON
Vice-President of Moulton Properties, Inc.
Sole Member of Sea Shell Collections, LLC

SWORN AND SUBSCRIBED before me this 29 day of July, 2014.

Notary Public
My Commission Expires: 1-22-17



LINDA F. JOYNER
MY COMMISSION # EE 867576
EXPIRES: January 22, 2017
Bonded Thru Notary Public Underwriters

Doc.#405723